UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTWAN GLOVER,

       **Plaintiff,**

                              **Case No. 8:24-cv-2913-MSS-NHA**

**v.**

CITY OF LAKELAND, CHIEF SAM
L. TAYLOR, DETECTIVE DILLON
J. CORNN, SERGEANT MARK EBY,
OFFICER ANTON E. JEFFERSON,
OFFICER JASON N. MCCAIN,

       **Defendants.**

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, City of Lakeland, Chief Sam L. Taylor, Detective Dillon J. Cornn, and Officer Anton E. Jefferson,[1] files this Answer and Affirmative Defenses to Plaintiff's Complaint filed December 17, 2024.

## I.    INTRODUCTION

1. Denied.

2. Denied.

3. Denied.

---

[1] Defendants Mark Eby and Jason N. McCain have not yet been served and, therefore, counsel does not answer for these defendants at this time. For all responses to allegations in which multiple officers are grouped together as "the Arresting Officers," Defendant's response should not be construed as an answer for Defendant Eby or Defendant McCain. A response to the complaint will be filed on behalf of those defendants once service has been effected.

{01295943-1 }

4. Denied.

5. Denied.

6. Admitted that Plaintiff brings such action; otherwise denied.

7. Admitted that Plaintiff brings such action; otherwise denied.

## II.    JURISDICTION AND VENUE

8. Defendant's responses to the preceding paragraphs are incorporated herein by reference.

9. Admitted for jurisdictional purposes only; otherwise, denied.

10. Admitted for jurisdictional purposes only; otherwise denied.

11. Without knowledge and therefore denied; it is redundant for Plaintiff to seek redress from each defendant in their official capacity where he has named the City of Lakeland as a Defendant.

12. Admitted that the police officers were acting in the discharge of their official duties.

## III.    PARTIES

13. Defendant's responses to the preceding paragraphs are incorporated herein by reference.

14. Admitted that Plaintiff is an adult; otherwise, without knowledge and therefore denied.

15. Defendant's responses to the preceding paragraphs are incorporated herein by reference.

16. Admitted.

{01295943-1 }

17. Admitted.

18. Counsel does not answer for Defendant McCain at this time.

19. Admitted.

20. Admitted that Chief Taylor was the Police Chief; otherwise denied except that counsel does not answer for Defendant Eby or Defendant McCain at this time.

21. Admitted.

22. Counsel does not answer for Defendant Eby at this time.

23. Counsel does not answer for Defendant Eby at this time.

24. Admitted.

25. Admitted.

26. Admitted that the City employed the officers at the time of this alleged incident.

27. Admitted that the mission statement speaks for itself.

28. Admitted that the vision statement speaks for itself.

29. Admitted that the values statement speaks for itself.

30. Denied.

## IV.    Statement of Facts

31. Defendant's responses to the preceding paragraphs are incorporated herein by reference.

{01295943-1 }

32. Admitted that the date of Plaintiff's arrest was December 18, 2022; denied that any misconduct occurred; denied that the incident took place at approximately 6:00 p.m.

33. Denied.

34. Admitted.

35. Without knowledge and therefore denied.

36. Without knowledge and therefore denied.

37. Admitted.

38. Admitted.

39. Admitted.

40. Counsel does not answer for Defendant McCain at this time.

41. Without knowledge and therefore denied.

42. Counsel does not answer for Defendant McCain at this time. Admitted that the Explorer was situated near Plaintiff's driver's side door.

43. Admitted.

44. Counsel does not answer for Defendant McCain at this time.

45. Admitted.

46. Admitted.

47. Counsel does not answer for Defendant McCain at this time.

48. Admitted that Plaintiff opened his car door; otherwise without knowledge and therefore denied.

49.    Counsel does not answer for Defendant McCain at this time; admitted that the Officers smelled burnt cannabis.

50.    Denied.

51. Without knowledge and therefore denied.

52. Denied.

53. Counsel does not answer for Defendant McCain at this time.

54. Counsel does not answer for Defendant McCain at this time.

55. Counsel does not answer for Defendant McCain at this time.

56. Counsel does not answer for Defendant McCain at this time,

57. Counsel does not answer for Defendant McCain at this time.

58.    Without knowledge and therefore denied.

59. Counsel does not answer for Defendant McCain at this time.

60.    Counsel does not answer for Defendant McCain at this time. Admitted that Detective Cornn reached for Plaintiff's arm.

61. Counsel does not answer for Defendant McCain at this time.

62.    Counsel does not answer for Defendant McCain at this time

63.    Admitted that Plaintiff struggled with the Officers; Counsel does not answer for Defendant McCain at this time.

64.    Counsel does not answer for Defendant Eby at this time.

65. Counsel does not answer for Defendant McCain at this time.

66.    Denied.

{01295943-1}

67. Counsel does not answer for Defendant McCain or Defendant Eby at this time.

68. Admitted.

69. Denied.

70. To the extent this allegation is describing the included screenshot form a video of the encounter, the video speaks for itself.

71. Denied as written.

72. Without knowledge and therefore denied.

73. Denied.

74. Denied.

75. Denied.

76. Admitted.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Counsel does not answer for Defendant McCain at this time.

84. Counsel does not answer for Defendant McCain at this time.

85. Counsel does not answer for Defendant McCain at this time.

86. Admitted.

87. Admitted

88.      Denied.

89.      Admitted.

90.      Admitted.

91. Admitted.

92.      Without knowledge and therefore denied.

93.      Denied.

94.      Without knowledge and therefore denied.

95. Without knowledge and therefore denied.

96.      Without knowledge and therefore denied.

97. Without knowledge and therefore denied.

### V.   Claims Alleged
### Count I
### (Excessive Force)

98.      The allegations in paragraphs 98 through 108 are the subject of a Motion to Dismiss Count I filed contemporaneously herewith.

99.      The allegations in paragraphs 98 through 108 are the subject of a Motion to Dismiss Count I filed contemporaneously herewith.

100.     The allegations in paragraphs 98 through 108 are the subject of a Motion to Dismiss Count I filed contemporaneously herewith.

101.     The allegations in paragraphs 98 through 108 are the subject of a Motion to Dismiss Count I filed contemporaneously herewith.

{01295943-1 }

102.    The allegations in paragraphs 98 through 108 are the subject of a Motion to Dismiss Count I filed contemporaneously herewith.

103.    The allegations in paragraphs 98 through 108 are the subject of a Motion to Dismiss Count I filed contemporaneously herewith.

104.    The allegations in paragraphs 98 through 108 are the subject of a Motion to Dismiss Count I filed contemporaneously herewith.

105.    The allegations in paragraphs 98 through 108 are the subject of a Motion to Dismiss Count I filed contemporaneously herewith.

106.    The allegations in paragraphs 98 through 108 are the subject of a Motion to Dismiss Count I filed contemporaneously herewith.

107.    The allegations in paragraphs 98 through 108 are the subject of a Motion to Dismiss Count I filed contemporaneously herewith.

108.    The allegations in paragraphs 98 through 108 are the subject of a Motion to Dismiss Count I filed contemporaneously herewith.

## COUNT II
### (False Arrest)

109.    Defendants incorporate all preceding paragraphs herein.

110.    Admitted.

111.    This is a legal statement which does not require a response. To the extent a response is deemed required the case of *Payton v. New York*, 445 U.S. 573 (1980) speaks for itself.

112.    Denied.

113.    Without knowledge and therefore denied.

114.    Denied.

115.    Admitted.

116.    Denied.

117.    Without knowledge and therefore denied.

118.    Denied.

119.    Denied.

120.    Admitted that the Officers physically restrained and arrested Plaintiff; otherwise without knowledge and therefore denied.

121.    Admitted that the officers observed conduct that permitted them to restrain, detain, or arrest Plaintiff; otherwise denied.

122.    Denied.

123.    Denied, including all subparts.

124.    Denied.

## COUNT III
### (Supervisory Liability)

125.    The allegations in paragraphs 125 through 136 are the subject of a Motion to Dismiss Count III filed contemporaneously herewith.

126.    The allegations in paragraphs 125 through 136 are the subject of a Motion to Dismiss Count III filed contemporaneously herewith.

127.    The allegations in paragraphs 125 through 136 are the subject of a Motion to Dismiss Count III filed contemporaneously herewith.

{01295943-1 }

128.     The allegations in paragraphs 125 through 136 are the subject of a Motion to Dismiss Count III filed contemporaneously herewith.

129.     The allegations in paragraphs 125 through 136 are the subject of a Motion to Dismiss Count III filed contemporaneously herewith.

130.     The allegations in paragraphs 125 through 136 are the subject of a Motion to Dismiss Count III filed contemporaneously herewith.

131.     The allegations in paragraphs 125 through 136 are the subject of a Motion to Dismiss Count III filed contemporaneously herewith.

132.     The allegations in paragraphs 125 through 136 are the subject of a Motion to Dismiss Count III filed contemporaneously herewith.

133.     The allegations in paragraphs 125 through 136 are the subject of a Motion to Dismiss Count III filed contemporaneously herewith.

134.     The allegations in paragraphs 125 through 136 are the subject of a Motion to Dismiss Count III filed contemporaneously herewith.

135.     The allegations in paragraphs 125 through 136 are the subject of a Motion to Dismiss Count III filed contemporaneously herewith.

136.     The allegations in paragraphs 125 through 136 are the subject of a Motion to Dismiss Count III filed contemporaneously herewith.

### COUNT IV
### (Monell Claim – Municipal Liability)

137.     The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

{01295943-1 }

138.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

139.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

140.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

141.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

142.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

143.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

144.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

145.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

146.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

147.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

148.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

{01295943-1 }

149.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

150.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

151.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

152.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

153.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

154.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

155.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

156.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

157.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

158.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

159.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

160. The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

161. The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

162. The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

163. The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

164. The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

165. The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

166. The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

167. The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

168. The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

169. The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

170. The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

{01295943-1 }

171.    The allegations in paragraphs 137 through 171 are the subject of a Motion to Dismiss Count IV filed contemporaneously herewith.

## VI.    JURY DEMAND

172.    Admitted that Plaintiff demanded a jury trial.

## VII.    PRAYER FOR RELIEF

173.    Denied that Plaintiff is entitled to any relief in this matter, including each and every prayer for relief contained herein.

## FIRST AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity because, at all times relevant herein, Defendants were acting within the scope of their discretionary authority, and any allegedly wrongful act(s) did not violate clearly established law measured under an objective standard. Defendants' actions were objectively reasonable under the circumstances presented and were implemented for lawful law enforcement and/or governmental purposes.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant(s) in their official capacity under section 1983 may not be based on negligence or respondeat superior; they must be based on an official policy, or an unconstitutional practice or custom that is so widespread as to have the force of law.

{01295943-1 }

## THIRD AFFIRMATIVE DEFENSE

Where Defendant City of Lakeland is sued as a state agency, or in the official capacity of a state agency, it is entitled to all immunities provided by the 11th Amendment.

## FOURTH AFFIRMATIVE DEFENSE

Defendants acted at all times in good faith and within the course and scope of their official duties. Defendants had arguable probable cause at the time of the subject arrest, and that arrest were objectively reasonable based on the totality of the circumstances.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has received or has available collateral sources so that his recovery, if any, should be reduced by the amount of such collateral source payments made and by the amount of any available collateral sources.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's recovery should be reduced based upon Plaintiff's failure to mitigate his damages regarding medical care and the submission of medical bills to Plaintiff's health insurer, or other benefit provider.

{01295943-1 }

## SEVENTH AFFIRMATIVE DEFENSE

It is redundant and potentially confusing to a jury for Plaintiff to seek redress from each defendant in their official capacity where he has named the City of Lakeland as a Defendant.  "[A] suit against a public official in his official capacity is considered a suit against the local government entity he represents." *See Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

## DEFENDANTS RESPECTFULLY REQUEST A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Respectfully submitted on March 5, 2025.

Campbell Trohn Tamayo & Aranda, P.A.

By      /s/ *Jonathan B. Trohn*
**Jonathan B. Trohn**, *lead counsel*
Fla. Bar. No. 880558
j.trohn@cttalaw.com
**Jennifer M. Vasquez**
Fla. Bar No. 71942
j.vasquez@cttalaw.com
**Thomas L. Dudash**
Fla. Bar No. 1044473
t.dudash@cttalaw.com
1701 South Florida Avenue
Lakeland, Florida 33803
P.O. Box 2369
Lakeland, FL 33806-2369
(863) 686-0043 (phone)
(863) 616-1445 (facsimile)
Attorneys for Defendants

{01295943-1 }